SCOTT T. TROPIO (SBN 110032)
    STROPIO@TROPIOLAW.COM
DANIEL S. HURWITZ (SBN 235260)
    DHURWITZ@TROPIOLAW.COM
21700 OXNARD STREET, SUITE 1700
WOODLAND HILLS, CA  91367
TELEPHONE:     (818) 883-4000
FACSIMILE:      (818) 883-4242

ATTORNEYS FOR PLAINTIFFS,
TESORO REFINING & MARKETING COMPANY LLC and
TESORO SOCAL PIPELINE COMPANY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company; TESORO SOCAL PIPELINE COMPANY LLC, a Delaware limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>OIL OPERATORS INCORPORATED, a California Corporation; PLAINS ALL AMERICAN PIPELINE, L. P., a Texas Limited Partnership (as successor-in-interest to PPS HOLDING COMPANY); GOLDEN EAGLE PIPELINE COMPANY, a California Corporation; GETTY OIL COMPANY, a California Corporation; UNION OIL COMPANY OF CALIFORNIA, a California Corporation; GENERAL EXPLORATION COMPANY INTERNATIONAL, a Texas Corporation; CRIMSON PIPELINE, L.P., a Colorado Limited Partnership, COUNTY OF LOS ANGELES; a California municipality; and DOES 8-50 inclusive<br><br>Defendants. | Case No.:  2:15-CV-3497<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1)  NEGLIGENCE<br>2)  NEGLIGENCE *PER SE*<br>3)  TRESPASS<br>4)  PRIVATE NUISANCE<br>5)  PUBLIC NUISANCE<br>6)  NUISANCE *PER SE*<br>7)  VIOLATION OF BUSINESS & PROFESSIONS CODE 17200<br>8)  RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE § 25363<br>9)  LIABILITY UNDER RCRA<br>10) LIABILITY FOR RESPONSE COSTS UNDER CERCLA<br>11) CONTRIBUTION<br>12) DECLARATORY RELIEF<br>13) FRAUDULENT CONCEALMENT<br>14) NEGLIGENT MISREPRESENTATION<br>15) EQUITABLE INDEMNITY<br>16) ULTRA-HAZARDOUS ACTIVITY<br><br>**JURY TRIAL DEMANDED** |

1

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs, TESORO REFINING & MARKETING COMPANY LLC and TESORO SOCAL PIPELINE COMPANY LLC (collectively "Tesoro"), and allege as follows:

## I.  INTRODUCTION

1.     Plaintiffs are limited liability companies under the laws of Delaware but conduct business in California.

2.     Defendant OIL OPERATORS INCORPORATED ("OOI") is a corporation that is incorporated under the laws of California and conducts business in California.  At all times, Defendant OOI controlled and managed property in which it allowed waste to escape its land and enter adjoining lands, including those in the possession and control of Tesoro.

3.     Defendant PLAINS ALL AMERICAN PIPELINE, L.P. ("PLAINS"), previously sued herein as "DOE 1", is a Texas Limited Partnership that conducts business in California. PLAINS is the successor-in-interest to PPS Holding Company in the ownership and operation of an underground pipeline designated "Line 52" under Baker Street and Golden Avenue in Long Beach, California.

4.     Tesoro is informed and believes, and thereon alleges that Defendant GOLDEN EAGLE PIPELINE COMPANY ("GOLDEN EAGLE"), previously sued herein as "DOE 2", is a corporation that is incorporated under the laws of California and conducts business in California. At all relevant times, GOLDEN EAGLE operated an underground pipeline under Baker Street and Golden Avenue in Long Beach, California ("Golden Eagle Line").

5.     Defendant GETTY OIL COMPANY ("GETTY"), previously sued herein as "DOE 3", is a corporation that is incorporated under the laws of California and conducts business in California. At all relevant times, GETTY operated two eight-inch underground pipelines ("8" GETTY LINE" AND "8" ABANDONED GETTY LINE"; collectively, "GETTY LINES") under Baker Street in Long Beach, California.

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

6.      Defendant UNION OIL COMPANY OF CALIFORNIA ("UNION OIL"), previously sued herein as "DOE 4", is a corporation that is incorporated under the laws of California and conducts business in California. At all relevant times,  UNION OIL operated three underground pipelines ("10" UNION OIL LINE," "4' UNION OIL LINE," AND "6' ABANDONED UNION OIL LINE"; collectively, "UNION OIL LINES") under Baker Street in Long Beach, California.

7.      Tesoro is informed and believes, and thereon alleges that Defendant GENERAL EXPLORATION COMPANY INTERNATIONAL ("GENERAL EXPLORATION"), previously sued herein as "DOE 5", is a corporation that is incorporated under the laws of Texas, and conducts business in California. At all relevant times, GENERAL EXPLORATION operated an underground pipeline under Baker Street and Golden Avenue in Long Beach, California ("GENERAL EXPLORATION LINE").

8.      Defendant CRIMSON PIPELINE, L.P. ("CRIMSON"), previously sued herein as "DOE 6", is a limited partnership organized under the laws of Colorado and licensed to conduct business in California. At all relevant times, CRIMSON operated two underground pipelines under Baker Street in Long Beach, California ("CRIMSON LINES").

9.      Defendant COUNTY OF LOS ANGELES, previously sued herein as "DOE 7", is a county of the state of California. At all relevant times, COUNTY OF LOS ANGELES operated a thirty-inch underground sewer line under Golden Avenue in Long Beach, California ("COUNTY LINE")

10.     The true names and capacities of the DEFENDANTS sued herein as DOES 8-15, inclusive are currently unknown to Tesoro, who therefore sues such DEFENDANTS by fictitious names.  Each ofthe DEFENDANTS designated herein as one of DOES 8-15 is legally responsible for the unlawful acts alleged herein by working in concert with the other named and unnamed defendants. PLAINS, GOLDEN EAGLE, GETTY, UNION OIL, GENERAL

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

EXPLORATION, CRIMSON, Each of DOES 8-15 is the owner or operator of a pipeline located at all relevant times beneath Baker Street, Golden Avenue, or both in Long Beach, California, or is legally responsible to indemnify the owner or operator of one or more such pipeline. DOES 8-15 and any combination thereof are collectively known as "PIPELINE DEFENDANTS."

11. The true names and capacities of the DEFENDANTS sued herein as DOES 16-50, inclusive are currently unknown to Tesoro, who therefore sues such DEFENDANTS by fictitious names. Each of the DEFENDANTS designated herein as one of DOES 16-50 is legally responsible for the unlawful acts alleged herein by working in concert with the other named and unnamed defendants. OOI and DOES 16-50 are collectively known as "OOI SITE DEFENDANTS". PIPELINE DEFENDANTS and OOI SITE DEFENDANTS are collectively known as "DEFENDANTS."

12. At all relevant times, Tesoro is informed and believes and thereupon alleges that at all times material to this Complaint, each of the DEFENDANTS, in addition to acting on behalf of itself, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with each and all of the DEFENDANTS and within the course, scope and authority of that agency, service, employment, representation and conspiracy.

13. Tesoro further alleges on information and belief that the acts of each of the DEFENDANTS were fully ratified by each and all of the DEFENDANTS. Specifically and without limitation, Tesoro alleges on information and belief that the actions, failures to act, breaches, conspiracy and misrepresentations alleged herein and attributed to one or more of the specific DEFENDANTS were approved, ratified and done with the cooperation and knowledge of each and all of the DEFENDANTS.

//

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

## II.  JURISDICTION AND VENUE

14.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 9613(b) and 6972(a), which confer jurisdiction upon a matter if the matter arises out of federal law.  This Court has supplemental state law jurisdiction over the pendent state law claims, pursuant to 28 U.S.C. § 1367.  The state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

15.     This Court has jurisdiction over DEFENDANTS because they are registered to conduct business in California, have sufficient minimum contacts in California, and otherwise internationally avail themselves of the California market through the promotion, sale, marketing and distribution of their products or services so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.  Moreover, DEFENDANTS' wrongful conduct foreseeably affects those in California.

16.     Venue is appropriate in this Court, based on 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 9613(b) and 6272(a) because, upon information and belief, DEFENDANTS reside, transact business, or have offices in this district and the acts and omissions alleged herein took place in this district.

17.     In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the land affected is in the Wrigley Heights neighborhood in Long Beach, California, located in this District.

## III.  FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18.     Tesoro is in the business of distributing petroleum products for sale to customers.  Tesoro uses subterranean pipelines to transport crude oil and products along the real property at Golden Avenue between Baker Street and West Wardlow Road in Long Beach, California ("Site" or "Tesoro Site"). Tesoro acquired its interest at the Site following a purchase of assets on or about August 8, 2012. Tesoro maintains easements, permits, rights of way, or franchise agreements to

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

control, use, and operate the Site.

19.   OOI SITE DEFENDANTS were engaged in operating, maintaining, controlling, or remediating a former wastewater plant located adjacent to the Site and commonly known as 712 Baker Street in Long Beach ("OOI Site").  Tesoro's Site forms the eastern boundary of the OOI Site.  The OOI Site extends from West Wardlow Road to the south and beyond Baker Street to the north.  The Los Angeles River forms the western boundary of the OOI Site.  North of Baker Street, at different times, Tesoro is informed and believes that the OOI Site has been known as 3701 and 4021 Pacific Place in Long Beach.

20.   OOI SITE DEFENDANTS' business was to treat wastes, including benzene-containing wastes that Tesoro believes have polluted the OOI Site and surrounding areas, including the Site.  OOI has been remediating the OOI Site under the oversight of the Los Angeles Regional Water Quality Control Board ("Regional Board") as well as the Long Beach Department of Health and Human Services since the early 1980s.   A benzene soil vapor contamination plume extends from the OOI Site underneath portions of the Tesoro Site and underneath some residential homes in the Wrigley Heights neighborhood.

21.   PIPELINE DEFENDANTS, at all pertinent times, operated various subterranean pipelines that have run, in relevant part, under and along Baker Street and/or Golden Avenue, in Long Beach California, adjacent to the Site. At all relevant times, the pipelines operated by PIPELINE DEFENDANTS were used in the transmission of various materials, as follows:

a)   Line 52 is and at all relevant times was a six-inch (6") pipeline used at various times to transmit refined gasoline and crude oil. Line 52, at all pertinent times, has run under Baker Street and Golden Avenue near the Site.

b)   At all relevant times, GOLDEN EAGLE operated a six-inch (6") "gaso w w" line (gasoline and wastewater) that at all relevant times ran under Baker

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

Street near the Site.

c) At all relevant times, GOLDEN EAGLE also operated an eight-inch (8")
crude oil line that at all relevant times ran under Golden Avenue near the
Site. GOLDEN EAGLE's 6" gaso w w line connected to its 8" crude oil line
at or near the intersection of Baker Street and Golden Avenue. Collectively,
the 6" gaso w w line and the 8" crude oil line are referred to as the
GOLDEN EAGLE LINES.

d) At all relevant times, GETTY operated two eight-inch (8") pipelines, one of
which was subsequently abandoned (collectively, the two 9" pipelines are
referred to as the "GETTY LINES"). Upon information and belief, the
GETTY LINES have at all relevant times been used for the transportation of
crude oil and /or refined product.

e) At all relevant times, UNION OIL owned and operated three separate lines
running under Baker Street near the Site: a ten-inch (10") line, a four-inch
(4") line, and a six-inch (6") line, which was subsequently abandoned
(collectively, "UNION OIL LINES"). Upon information and belief, the
UNION OIL LINES have at all relevant times been used for the
transportation of crude oil, waste water, and /or refined product.

f) At all relevant times, GENERAL EXPLORATION operated a four-inch (4")
pipeline ("GENERAL EXPLORATION LINE"), subsequently abandoned,
running under Baker Street near the Site. Upon information and belief, the
GENERAL EXPLORATION LINE has at all relevant times been used for
the transportation of crude oil and /or refined product.

g) At all relevant times, CRIMSON operated two crude oil pipelines, one of
which subsequently became inactive, (collectively, "CRIMSON LINES")
running under Baker Street near the Site. As recently as 2014, repair crews
arriving in trucks marked as CRIMSON trucks were seen in the vicinity of
the Site repairing the CRIMSON LINES.

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

h) At all relevant times, the COUNTY OF LOS ANGELES operated a thirty-inch (30") vitrified clay sewer line running under Golden Avenue in the vicinity of the Site ("COUNTY LINE"). Upon information and belief, the COUNTY LINE was used to transport, *inter alia*, discharged waste from the OOI Site.

i) Collectively, Line 52, the GOLDEN EAGLE LINES, the GETTY LINES, the UNION OIL LINES, the GENERAL EXPLORATION LINE, the CRIMINSON LINES, and the COUNTY LINE are referred to herein as the "PIPELINE DEFENDANTS' PIPELINES."

22.     Tesoro is informed and believes, and thereon alleges that PIPELINE DEFENDANTS, and each of them, did cause, or fail to prevent while under a legal duty to do so, the PIPELINE DEFENDANTS' PIPELINES, and all of them, in the vicinity of the site to fail, leak, discharge or otherwise release materials, including but not limited to, petroleum, refined petroleum products, and waste water, that have caused or contributed to the presence of the contaminants at the site that are referenced in the Order

23.     On or about September 18, 2014, the Regional Board issued Clean-up and Abatement Order No. R4-2013-0064 pursuant to California Water Code section 13304 ("Order") requiring Tesoro to investigate and remediate benzene and other contaminants in the subsurface of the Site.  The Order alleges that Tesoro's pipelines numbered 32, 24 and 252 are a "gasoline source" responsible for a discharge of benzene and other contaminants.  Tesoro contends that the benzene and other contaminants originate from the OOI Site  and/or from PIPELINE DEFENDANTS' PIPELINES.

24.     Tesoro has investigated and found a lack of sufficient credible evidence that its pipelines are a viable gasoline source responsible for the benzene at the Site.  Although Tesoro's investigation continues, and although Tesoro has found a record indicating a single pipeline repair in 1963 on Baker Street on a line

8

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

not then carrying gasoline, available records of pipeline integrity evaluations dating back to the late 1950s do not identify any discharge in the last 60 years that correlates to the extent and type of contamination at the Site..

25.     Tesoro has further investigated and determined that Line 252 has never run beneath the relevant portions of Baker Street or Golden Avenue, and therefore cannot be a cause of any contaminants detected at the Site.

26.     Tesoro is informed and believes and thereupon alleges that OOI SITE DEFENDANTS, and each of them had the duty to make sure that the wastes from the OOI Site did not escape the facility, pollute the land, or otherwise interfere with the enjoyment of land by those adjacent to the OOI Site.

27.     Tesoro is informed and believes and thereupon alleges that wastes from the OOI Site did escape the facility, pollute the land, thereby polluting the surrounding land, including the Site, and interfering with Tesoro's current use and enjoyment of the Site.  Tesoro is informed and believes that some of the wastes OOI SITE DEFENDANTS disposed, dumped, spilled, abandoned, treated or released constituted hazardous wastes pursuant to 42 U.S.C. section 6903, California Health & Safety Code sections 25117.9 and 25120.2, and applicable regulations thereunder.  OOI SITE DEFENDANTS' actions have injured the Site and substantially interfered with Tesoro's use and enjoyment of the Site.

28.     Tesoro is informed and believes and thereupon alleges that the OOI Site was established in 1926 to receive various oily waste fluids.  Tesoro's investigations pursuant to the Order have shown that contamination at and from the OOI Site is from a variety of wastes.

29.     Despite evidence of contamination from a variety of wastes at the OOI Site, OOI and other OOI SITE DEFENDANTS have at various times since the 1980s represented the OOI Site as being used from 1926 through about 1998 for "oil brine" wastewater and materials classified as non-hazardous.  As a result, Tesoro is informed and believes that OOI's non-hazardous classification of all of

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

its wastes was purposely done to avoid compliance with the environmental standards that normally would apply.

30.    Though investigations are continuing, Tesoro alleges based on information and belief that the OOI SITE DEFENDANTS, and each of them, through their acts or omissions at different times subsequent to about 1980, employed environmentally substandard practices and structures for handling, storing, treating, disposing and abandoning various wastes at the OOI Site in violation of federal and state environmental laws, including the California Health & Safety Code and Water Code, and applicable regulatory and industry standards ("Environmentally Substandard Conditions").  These Environmentally Substandard Conditions over time polluted the OOI Site, the Site, and other adjacent properties.

31.    To the best of Tesoro's knowledge, no governmental authority is diligently prosecuting the claims stemming from the Environmentally Substandard Conditions pursuant to the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. sections 6901-7000; the California Hazardous Waste Control Law, California Health & Safety Code sections 25100-25258.2; the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA" or "Superfund"), 42 U.S.C. sections 9601-9675; or the California Superfund law, the California Hazardous Substance Account Act, California Health & Safety Code  sections 25300-25395.45.

32.    Given that OOI SITE DEFENDANTS consistently represented the OOI Site as used for oil brine, records are not available and available records do not disclose accurately all of the wastes OOI SITE DEFENDANTS disposed, dumped, spilled, abandoned, treated or released. Tesoro did not know or reasonably could not have known that OOI SITE DEFENDANTS were disposing of various wastes at the time that such activities were occurring decades ago. Through the exercise of reasonable care, Tesoro could not have discovered the nature of the soil or groundwater contamination underneath the Site prior to the

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

September 18, 2014 Order.  Before work under the Order was performed, Tesoro justifiably did not know the extent, scope, and types of wastes at the OOI Site adjacent to Tesoro's Site.

33.    Tesoro is informed and believes and thereupon alleges that part of the impacts from the OOI Site include, but are not limited to, the Site.

34.    Tesoro is informed and believes and thereupon alleges that the Environmentally Substandard Conditions caused by OOI SITE DEFENDANTS, and each of them, allowed contamination at the Site either intentionally or negligently, and through their willful acts and/or omissions.  Tesoro is informed and believes and thereupon alleges that the intrusions from the contamination are continuing as of the filing of the Complaint.

35.    Due to OOI SITE DEFENDANTS' unlawful and tortious conduct, Tesoro has had to incur numerous expenses, including those since September 18, 2014 in investigating and remediating the Site even though no credible evidence demonstrates Tesoro caused or contributed to the benzene and other contamination in the subsurface of the Site.

36.    Although the Board was aware of the presence of PIPELINE DEFENDANTS' PIPELINES in the vicinity of the Site, and the likelihood that one or more of them caused or contributed to the presence of the contaminants at the site that are referenced in the Order, with one exception, the Board failed or refused to investigate or hold liable any of the PIPELINE DEFENDANTS for their contribution to the presence of the contaminants at the site, instead improperly foisting responsibility for all pipeline releases on Tesoro and its predecessors, without adequate evidence to support such a finding.

37.    The one exception alluded to in the prior paragraph was an inquiry sent by the Board to PLAINS in or around 2012. However, PLAINS responded that, because its Line 52 purportedly never carried gasoline, it could not have caused or contributed to the presence of the contaminants at the site that are

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

referenced in the Order. The Board, in reliance upon this representation, ceased pursuing PLAINS as a potentially responsible party.

38.     However, Tesoro's investigation has determined that the information PLAINS provided to the Board in response to its inquiry was false or misleading, in that Line 52 in fact has historically carried gasoline, as well as crude oil and waste water, all of which were capable of causing and in fact did cause or contribute to the presence of the contaminants at the site that are referenced in the Order.

39.     Tesoro seeks to vindicate not only its rights to have its interest in the Site to be free and clear of contamination, but also to vindicate the rights of the individuals affected by OOI SITE DEFENDANTS' actions; accordingly, Tesoro is acting as a private attorneys general.

## IV. CAUSES OF ACTION
### FIRST CAUSE OF ACTION-NEGLIGENCE
### (AGAINST OOI SITE DEFENDANTS)

40.     Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

41.     As an adjacent and/or surrounding landowner, OOI SITE DEFENDANTS, and each of them had a duty to exercise due care in controlling, monitoring, maintaining and operating the OOI Site, and in storing and disposing of various wastes at the OOI Site properly to make sure that their use of the OOI Site did not interfere with Tesoro's enjoyment of the Site.

42.     OOI SITE DEFENDANTS, and each of them breached their duty of care to Tesoro by releasing or allowing the release of various wastes onto and into the Site, damaging the value and usefulness of the Site, and interfering with Tesoro's right of enjoyment of the Site.  OOI SITE DEFENDANTS breached their duty by allowing or causing the Environmentally Substandard Conditions.  OOI SITE DEFENDANTS continue to breach their duty to Tesoro by allowing their

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

1  wrongful conduct to continue as of the filing of this Complaint.

2       43.    Though investigations are continuing, as a direct and proximate result

3  of OOI SITE DEFENDANTS' breach of duty, various wastes have been released

4  directly on and into the Site.

5       44.    OOI SITE DEFENDANTS' breach is a direct and proximate cause of

6  the damages that Tesoro has sustained, and Tesoro is entitled to damages,

7  including damages set forth above and other consequential, incidental, and general

8  damages to be proven at trial.

9            **SECOND CAUSE OF ACTION-NEGLIGENCE *PER SE***

10               **(AGAINST OOI SITE DEFENDANTS)**

11      45.    Tesoro repeats and realleges each and every allegation of this

12  Complaint as if fully set forth herein.

13      46.    OOI SITE DEFENDANTS' failure to exercise due care in controlling

14  the release, dumping, disposal, treatment and abandonment of various wastes

15  violates state and federal statutes, rules, and regulations, as detailed in this

16  complaint, the purpose of which are to set a standard of care of conduct to protect

17  Tesoro and others in its class and its property and the environment from the type of

18  improper activities OOI SITE DEFENDANTS engaged in.  Therefore, such

19  improper activities and the Environmentally Substandard Conditions constitute

20  negligence *per se*.

21      47.    Due to the Environmentally Substandard Conditions, OOI SITE

22  DEFENDANTS have failed to comply with provisions of the California Health &

23  Safety Code and Water Code, as set forth above, and have also violated other

24  environmental laws, including RCRA.

25      48.    As a direct and proximate result of OOI SITE DEFENDANTS'

26  negligence *per se*, Tesoro has suffered damages as set forth above, including other

27  consequential, incidental, and general damages to be proven at trial.

28  //

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION-TRESPASS
## (AGAINST OOI SITE DEFENDANTS)

49.     Tesoro repeats and reallages each and every allegation of this Complaint as if fully set forth therein.

50.     OOI SITE DEFENDANTS' release, dumping, disposal, treatment and abandonment of various wastes, including but not limited to benzene, has physically intruded upon the Site constituting a permanent as well as a continuing trespass.

51.     By allowing or causing the Environmentally Substandard Conditions, OOI SITE DEFENDANTS intentionally released, dumped, disposed, treated and abandoned various wastes, or allowed such release, dumping, disposal, treatment or abandonment, without the authority of Tesoro or any of the predecessors in interest.  OOI SITE DEFENDANTS' conduct has been and continues to be carried on with a conscious disregard of Tesoro's enjoyment of its Site.  OOI SITE DEFENDANTS' conduct constitutes trespass and a continuing trespass to the Site.

38.     Due to the intrusion of various wastes by OOI SITE DEFENDANTS, Tesoro has suffered damages as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

## FOURTH CAUSE OF ACTION-PRIVATE NUISANCE
## (AGAINST OOI SITE DEFENDANTS)

39.     Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

40.     OOI SITE DEFENDANTS ' release, dumping, disposal, treatment and abandonment of various wastes, including but not limited to benzene are interfering with and precluding Tesoro's free use and enjoyment of its Site, and are threatening to impair and injure the health of individuals who would conduct business, visit, or otherwise utilize the Site.  OOI SITE DEFENDANTS' release, dumping, disposal, treatment and abandonment of various wastes onto the Site

14

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

1   have caused and are causing injury to the Site and Tesoro.

2       41.   Tesoro never sanctioned OOI SITE DEFENDANTS' release,

3   dumping, disposal, treatment and abandonment of various wastes to the Site. As a

4   result, OOI SITE DEFENDANTS' release, dumping, disposal, treatment and

5   abandonment of various wastes, and the contamination currently existing under the

6   Site, constitute permanent nuisance and a continuing nuisance with regard to the

7   Site.  Tesoro is informed and believes that the contamination from the OOI Site is

8   migrating and will continue to migrate to the Site and worsen until it is abated and

9   cleaned up due in part to the Environmentally Substandard Conditions.

10       42.   OOI SITE DEFENDANTS' interference with Tesoro's use and

11   enjoyment of the land is substantial and ongoing in a permanent as well as a

12   continuing manner.

13       43.   OOI SITE DEFENDANTS' actions caused Tesoro to suffer damage

14   as set forth above, including other consequential, incidental and general damages

15   in an amount to be determined by proof.

16       44.   Tesoro seeks injunctive relief, ordering OOI SITE DEFENDANTS to

17   abate and to clean up the various wastes OOI SITE DEFENDANTS have released,

18   dumped, disposed, treated and abandoned.

19                **FIFTH CAUSE OF ACTION-PUBLIC NUISANCE**

20                    **(AGAINST OOI SITE DEFENDANTS)**

21       45.   In its capacity as private attorney general or otherwise, Tesoro repeats

22   and realleges each and every allegation of this Complaint as if fully set forth

23   therein.

24       46.   OOI SITE DEFENDANTS' release, dumping, disposal, treatment and

25   abandonment of various wastes onto the Site gives rise to a public nuisance which

26   affects not only Tesoro, but also the entire adjacent community and/or the comfort

27   and convenience of a considerable number of residents and visitors who use the

28   Site and adjoining areas.  The Environmentally Substandard Conditions on the

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

OOI Site threaten to continue to spread to adjacent residences, including public streets and sidewalks and groundwater of the state in a permanent as well as a continuing manner.

47.     These conditions from the OOI Site substantially devalue the use and enjoyment of the Site, which Tesoro has spent considerable sums to investigate and remediate; therefore, Tesoro has suffered injuries different in kind from those suffered by the general public.

48.     Tesoro, in its capacity as private attorney general, alleges that as a proximate result of the conditions at the OOI Site, the Tesoro Site and other property have been permanently damaged. Tesoro has suffered special injuries associated with the investigation and remediation.  At the same time, the conditions from the OOI Site have affected the entire community and/or the comfort and convenience of a considerable number of residents and visitors who use the Site and adjoining areas, although the extent of the annoyance, danger or damage inflicted upon the residents of Long Beach may be unequal.

49.     Tesoro, in its capacity as private attorney general, asserts that its litigation against OOI SITE DEFENDANTS:  (a) raises strong issues of public importance and policy which are in need of vindication by litigation; (b) presents the necessity for private enforcement of said issues and rights, the resulting burden of which falls on Tesoro; and (c) will benefit the health and safety of the community.

50.     Tesoro, as a private attorney general, demands that OOI SITE DEFENDANTS abate the contamination and seeks to recover reasonable attorneys' fees and costs incurred in prosecuting this action.

51.     OOI SITE DEFENDANTS' actions caused Tesoro to suffer damages as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

//

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

**SIXTH CAUSE OF ACTION-NUISANCE *PER SE***

**(AGAINST OOI SITE DEFENDANTS)**

52.     Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

53.     By virtue of the Regional Board issuing the Order mandating Tesoro to remediate the surrounding area, the condition is a "nuisance per se," and Tesoro is entitled to the costs to remediate the area, in an amount to be determined by proof.

**SEVENTH CAUSE OF ACTION-**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

**(AGAINST OOI SITE DEFENDANTS)**

54.     In its capacity as private attorney general or otherwise, Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

55.     California Business & Professions Code § 17200 *et seq*. prohibits unfair competition that is an unfair, unlawful, or a fraudulent business act or practice.

56.     OOI SITE DEFENDANTS engaged in unfair competition through unfair, unlawful, or fraudulent business acts or practices by misrepresenting the OOI Site as a facility for oil brine from 1926 through about 1998, by maintaining Environmentally Substandard Conditions at the facility, by avoiding the costs of compliance to cure the Environmentally Substandard Conditions, by contaminating and failing to remediate the environment, and by a number of other activities that have substantially interfered with Tesoro's enjoyment of its Site.  At a minimum, Tesoro is informed and believes failure to correct the Environmentally Substandard Conditions resulted in OOI SITE DEFENDANTS not incurring costs to prevent release, dumping, disposal, treatment and abandonment of various wastes at and from the OOI Site.

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

57.   As a result of OOI SITE DEFENDANTS' unlawful, unfair, and fraudulent business practices, Tesoro has been harmed and is entitled to restitution in an amount to be determined by proof.

58.   Tesoro also requests that the Court enter a permanent injunction against OOI SITE DEFENDANTS, and each of them prohibiting their unlawful acts in the future.

## EIGHTH CAUSE OF ACTION
## RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE § 25363, ET. SEQ.
## (AGAINST OOI SITE DEFENDANTS)

59.   Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

60.   California Health & Safety Code section 25363(e) allows any person who has incurred removal costs to seek contribution or indemnity from any person who is liable.

61.   Tesoro is informed and believes and thereupon alleges that OOI SITE DEFENDANTS, and each of them, are persons liable under the statute because they caused, contributed, or augmented the hazardous substances and waste that intruded, encroached, contaminated or otherwise interfered with Tesoro's interest in the Site.

62.   The contaminants that OOI SITE DEFENDANTS released, dumped, disposed, treated and abandoned onto the Site include substances specifically listed or designated as hazardous substances within the meaning of California Health & Safety Code section 25316.  Some of the contaminants released by OOI SITE DEFENDANTS are hazardous wastes pursuant to RCRA, the California Hazardous Waste Control Law, and the regulations implementing each of these statutes.  These contaminants also are listed or designated as hazardous substances pursuant to CERCLA, 42 U.S.C. section 9602, and California Health & Safety

18

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

Code section 25316.

63.    The OOI Site constitutes a facility for purposes of the California Superfund law.

64.    As a proximate cause of OOI SITE DEFENDANTS' release of hazardous substances into the environment and onto the Site, Tesoro has had to incur necessary response costs, including attorneys' fees and expert witness' fees, for which OOI SITE DEFENDANTS are strictly liable pursuant to California Health & Safety Code section 25363.  All of the costs Tesoro has incurred to remove and/or remediate the contamination from the OOI Site have been in accordance with Chapter 6.8 of the California Superfund law and CERCLA.

65.    On or about September 18, 2014, Tesoro began incurring removal or remedial action costs due to OOI SITE DEFENDANTS' actions.

66.    Tesoro has filed a Notice to the Director of California Department of Toxic Substance Control.  A true and correct copy of the notice is attached as Exhibit "A" and incorporated by reference.

67.    Tesoro seeks contribution and/or indemnity for all response costs under California Health & Safety Code section 25363.

68.    Due to OOI SITE DEFENDANTS' actions, Tesoro has been harmed and is entitled to the costs of cleanup, fees and costs in an amount to be determined by proof.

## NINTH CAUSE OF ACTION-COSTS UNDER RCRA
## (AGAINST OOI SITE DEFENDANTS)

69.    Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

70.    This action against OOI SITE DEFENDANTS is brought pursuant to the citizen suit provisions of RCRA subchapter VII of 42 U.S.C. section 6972(a)(1)(A) and (B) and the applicable regulations.

19

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

71.    RCRA authorizes persons to sue (a) any person who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order as well as (b) an owner or operator of a disposal facility which has contributed or is contributing to the past or present disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.  42 U.S.C. § 6942(a)(1)(A)-(B).

72.    Tesoro is a "person" as that term is defined in RCRA, 42 U.S.C. § 6903.  As a result of maintaining the Environmentally Substandard Conditions, OOI SITE DEFENDANTS are owners of a disposal facility.

73.    Tesoro is exempt from the pre-litigation notice requirements of RCRA because Tesoro's claims involve hybrid claims set forth herein and violations of Subchapter C requirements, including (a) the requirements that RCRA imposes for oil brine to remain classified as non-hazardous (42 U.S.C. § 6921(b)(2)(A)) ; (b) the environmental standards RCRA imposes on surface impoundments, existing on or after July 26, 1982 (*id*. at §6925(i)); and (c) the permit requirements RCRA imposes on owners and operators of hazardous waste facilities, existing as of November 19, 1980 (*id*. at §§ 6925(a)).  Tesoro is informed and believes that these RCRA standards (any many other environmental standards) apply to the OOI Site and that OOI has failed and continues to fail to operate in compliance with these standards.

74.    Tesoro provided notice of the complaint to the United States Attorney General, and to Administrator of the United States Environmental Protection Agency by registered mail, for which the last return receipt was received by Tesoro's counsel on May 22, 2015.

75.    More than ninety (90) days passed between the time the last return receipt for the notice described in the prior paragraph was received by Tesoro's counsel and the filing of this First Amended Complaint.

76.    Tesoro alleges on information and belief that the OOI SITE

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

DEFENDANTS, and each of them, through their acts or omissions at different times subsequent to about 1980 disposed and treated wastes and hazardous waste at the OOI Site in violation of applicable federal and state law by directly disposing such wastes and hazardous wastes onto soil and in various environmental substandard equipment, including basins with earthen walls; such improper disposal and treatment resulted in Environmentally Substandard Conditions at and from the OOI Site that over time have impacted the Site and other adjacent properties.

76.    Notwithstanding OOI's assertion that it operated a brinewater treatment facility, some of the wastes OOI SITE DEFENDANTS treated, handled and disposed were hazardous waste specifically listed or exhibiting characteristics designating them as "hazardous wastes" within the meaning of RCRA, 42 U.S.C. § 6903, and applicable regulations, including but not limited to 40 Code of Federal Regulations 261.24.

78.    Tesoro is informed and believes and thereupon alleges that the OOI Site was not an authorized hazardous waste treatment, storage, and disposal facility and lacked permits to handle, treat, and dispose of hazardous waste onto land and in environmentally substandard equipment.

79.    Tesoro is informed and believes and thereupon alleges that the hazardous wastes that the OOI SITE DEFENDANTS, and each of them, have disposed into the environment on, under, from, and/or in the vicinity of, the Site present an imminent and substantial endangerment as contamination has already impacted the subsurface (including soil vapor and groundwater) in or around the OOI Site.  The impact of the pollution at the OOI Site has already occurred (and is thus beyond imminent), and is substantial because significant quantities of hazardous materials or wastes have been released into the environment and pose threat.

79.    Tesoro incurred, and will continue to incur, substantial

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

investigation, cleanup, and abatement costs for investigating, monitoring, responding to, and remediating the effects of RCRA violations Tesoro believes OOI SITE DEFENDANTS caused.

80.    The costs that Tesoro has incurred, and will continue to incur, to abate the imminent and substantial danger were the legal responsibility of, and should have been performed by the OOI SITE DEFENDANTS, and each of them.

81.    Tesoro seeks injunctive relief under RCRA ordering OOI SITE DEFENDANTS to comply with applicable RCRA standards to remedy all improper waste and hazardous waste treatment, storage, and disposal areas in accordance with applicable regulations, including closure and post-closure regulations; and to clean up the waste and hazardous waste contamination they have caused in areas of the OOI Site near the Site.

## TENTH CAUSE OF ACTION
## FOR RESPONSE COST RECOVERY UNDER CERCLA
## (AGAINST OOI SITE DEFENDANTS)

83.    Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

84.    Tesoro is a "person" as that term is defined under CERCLA, 42 U.S.C. § 9601(21).

85.    Tesoro is not, and at all material times, was not, a "covered person" or responsible party pursuant to CERCLA, 42 U.S.C. § 9607.

86.    Tesoro is informed and believes and thereupon alleges that OOI SITE DEFENDANTS, and each of them, are "persons" as defined in CERCLA, 42 U.S.C. § 9601(21).

86.    Tesoro is informed and believes and thereupon alleges that OOI SITE DEFENDANTS, and each of them, are, and at all material times "owners" and/or "operators," as defined in CERCLA 42 U.S.C. § 9601 *et. seq.,* of the OOI Site located in Long Beach, California at the location described above.

87.    Tesoro is informed and believes and thereupon alleges that OOI SITE DEFENDANTS, and each of them operated a "facility" as defined by CERCLA, 42 U.S.C. § 9601.

88.    For the reasons set forth above, Tesoro is informed and believes and thereupon alleges that some of the various wastes that OOI SITE DEFENDANTS stored, used, released and/or disposed of on the soil and/or into the groundwater located at and from the OOI Site constitute substances specifically listed or having characteristics designating them as "hazardous substances" as defined in CERCLA, 42 U.S.C. § 9601 *et. seq.*

90.    Tesoro is informed and believes and thereupon alleges that a release, as defined in CERCLA, 42 U.S.C. § 9601 *et. seq.*, of hazardous substances has occurred and is continuing to occur from the OOI Site.

91.    Tesoro alleges on information and belief that OOI SITE DEFENDANTS, and each of them, therefore, are "covered person/s" or responsible party/ies pursuant to CERCLA § 107, 42 U.S.C. § 9607.

91.    Tesoro is informed and believes, and on that basis alleges, that while OOI SITE DEFENDANTS were owners and operators of the OOI Site, significant quantities of hazardous substances, including benzene and other contaminants involved in the Order, were disposed of, dumped, spilled, leaked, released, and abandoned onto the at the OOI Site causing those hazardous substances to enter the environment and surrounding areas, including the Tesoro Site.

92.    Tesoro is informed and believes, and on that basis alleges, that OOI SITE DEFENDANTS arranged for disposal of the hazardous substances at the OOI Site in a manner that polluted the site and impacted surrounding areas, including the Tesoro Site.

94.    As a direct and proximate result of the release/s of hazardous substances that have occurred, and are continuing to occur, on, under, from, and/or in the vicinity of the OOI Site, Tesoro has incurred and will continue to incur

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

necessary response costs as defined in CERCLA § 101(25), 42 U.S.C. § 9601.

95.     The response costs that Tesoro has incurred are in compliance with the applicable provisions of the National Contingency Plan as provided for in 42 U.S.C. sections 9605 and 9607(a)(4)(B) and 40 CFR Part 300.

96.     Tesoro seeks from OOI SITE DEFENDANTS reimbursement and recovery of all removal and remedial action costs and response costs pursuant to CERCLA, 42 U.S.C. § 9607(a), for all removal, remedial action, and response costs that Tesoro has incurred and will incur due to the release/s on, under, from, and/or in the OOI Site, which were released while OOI SITE DEFENDANTS were operators of the OOI Site.

## ELEVENTH CAUSE OF ACTION-CONTRIBUTION
## (AGAINST ALL DEFENDANTS)

96.     Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

98.     By reason of the foregoing allegations, Tesoro will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate amount of liability if any exists. Tesoro contends that DEFENDANTS, and each of them, were legally responsible for the losses, damages and/or injuries alleged in the Complaint. However, if Tesoro is responsible for any portion of the remediation costs, DEFENDANTS, and each of them, are obligated to reimburse Tesoro and are liable for that portion of intentional and/or negligent fault and/or liability of said DEFENDANTS assessed against them which proximately caused or contributed to Tesoro alleged losses, damages and/or injuries if it is liable for any of the remediation.

//

//

//

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

**TWELFTH CAUSE OF ACTION-DECLARATORY RELIEF, INCLUDING UNDER CERCLA AND RCRA**

**(AGAINST OOI SITE DEFENDANTS)**

100.   In its capacity as private attorney general or otherwise, Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

101.   Because the extent and magnitude of the contamination at the OOI Site is not fully known at this time, and because the contamination has not yet been fully mitigated, Tesoro will incur necessary response costs under the Order including but not limited to further investigatory, remedial and removal expenses, attorneys' fees and interest in the future.

102.   Pursuant to 42 U.S.C. section 9607 and 6972 and California Health and Safety Code section 25363, Tesoro is entitled to a declaratory judgment establishing the liability of the OOI SITE DEFENDANTS, and each of them, for such response costs for the purposes of this and any subsequent action or actions to recover further response costs.

102.   Further a dispute has arisen between Tesoro and OOI SITE DEFENDANTS, and each of them, in that Tesoro contends that the losses it has incurred and will incur, were the sole and proximate cause of the conduct of the OOI SITE DEFENDANTS, and each of them.

103.   By reason of the dispute between Tesoro and OOI SITE DEFENDANTS, an actual controversy exists between Tesoro and Defendants, and each of them, concerning their respective rights, duties and obligations set forth above.  Tesoro is therefore entitled to a declaration of the rights, duties and obligations of OOI SITE DEFENDANTS, and each of them, to Tesoro.

**THIRTEENTH CAUSE OF ACTION-FRAUDULENT CONCEALMENT**

**(AGAINST OOI SITE DEFENDANTS)**

105.   In its capacity as private attorney general or otherwise, Tesoro hereby

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

106.    At various times in about 1980 through 2010 and later, Defendant OOI held interests in the OOI Site and continually represented to surrounding property owners that the OOI Site was used solely to treat oil brine.  Most recently, these representations included statements in 2010 that OOI only accepted approved non-hazardous waste, that oil brine was deemed  non-hazardous, and that no hazardous wastes were known to be present at the facility.

107.    Defendant's representations were not a fair or true report about the OOI Site and, as a result, were false.  Tesoro is informed and believes Defendant OOI knew that its operation of its facility involved materials other than oil brine and that the OOI Site was not properly being maintained, resulting in the Environmental Substandard Conditions and in the generation, treatment, storage, and disposal of various wastes.  Defendant made these representations with the intent to conceal the truth, which was that OOI was managing various wastes without proper practices, structures, permits and authorizations, thereby resulting in releases to the soil and to subsurface areas.

108.    Defendant OOI intended or had reason to expect that the misrepresentation and its concealment of material facts would be passed on to Tesoro and influence Tesoro's conduct in responding to the Order and investigating the Site and the OOI Site.  The misrepresentations were made to induce Tesoro to shoulder the burden of characterizing and remediating benzene and other contaminants Tesoro believes are from the OOI Site.

109.    Tesoro relied upon OOI's representations when it responded to the September 18, 2014 Clean-up and Abatement Order.  Tesoro did not know and could not have discovered that OOI's representations were not true.  Further and extensive investigations are required to discover accurate information about the OOI Site.

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

110.    Tesoro reasonably relied on OOI's concealment of the truth to its detriment, incurring damages set forth above in order to respond to the Order.

111.    Due to OOI's concealment, Tesoro has suffered damages in an amount to be determined by proof and punitive damages based on OOI's willful concealment of the true facts.

## FOURTEENTH CAUSE OF ACTION-NEGLIGENT MISREPRESENTATION
### (AGAINST OOI, PLAINS, AND DOES 8-50)

112.    In its capacity as private attorney general or otherwise, Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

113.    If the representations of OOI and PLAINS were not intentionally made, then they were negligently made.  OOI's representations were not a fair or true report about the OOI Site, and, as a result, resulted in a negligent misrepresentation, at a minimum. Tesoro is informed and believes Defendant OOI knew that its operation of its facility involved materials other than oil brine and that the OOI Site was not properly being maintained, resulting in the Environmental Substandard Conditions and in the generation, treatment, storage, and disposal of various wastes.  OOI made these representations which resulted in concealing the truth, which was that OOI was managing various wastes without proper practices, structures, permits and authorizations, thereby resulting in releases to the soil and to subsurface areas.

114.    Similarly, PLAINS' representations regarding Line 52 were not a fair or true report about the history of Line 52, and, as a result, resulted in a negligent misrepresentation, at a minimum. Tesoro is informed and believes Defendant PLAINS knew or should have known that Line 52 had a history of carrying gasoline as well as crude oil and/or waste water. PLAINS made its representations that Line 52 did not have a history of carrying gasoline which resulted in

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

concealing the truth, which was that Line 52 was at least as likely as Tesoro's pipelines to have caused or contributed to the contamination referenced in the Order.

115.   Defendants OOI and PLAINS had reason to expect that these misrepresentations and concealment of material facts would be passed on to Tesoro and influence Tesoro's conduct in responding to the Order and investigating the Site and the OOI Site.  The misrepresentations were made to induce Tesoro to shoulder the burden of characterizing and remediating benzene and other contaminants from the OOI Site and the Site.

116.   Tesoro relied upon OOI's and PLAINS' representations when it responded to the September 18, 2014 Clean-up and Abatement Order.  Tesoro did not know and could not have discovered that OOI's and PLAINS' representations were not true.

117.   Tesoro reasonably relied on OOI's and PLAINS' representations to its detriment incurring damages set forth above in order to respond to the Order.

## FIFTEENTH CAUSE OF ACTION-EQUITABLE INDEMNITY
## (AGAINST ALL DEFENDANTS)

116.   Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

117.   A substantial portion of the expenses Tesoro has incurred to investigate and remediate the Site are exclusively the result of the intentional or negligent conduct of the DEFENDANTS.  As a result, Tesoro is entitled to complete indemnity from the DEFENDANTS for such expenses pursuant to the doctrine of equitable indemnification.

## SIXTEENTH CAUSE OF ACTION-ULTRAHAZARDOUS ACTIVITY
## (AGAINST OOI SITE DEFENDANTS)

120.   In its capacity as private attorney general or otherwise, Tesoro hereby

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

121.   The disposal, discharge and depositing of various wastes containing benzene and other contaminants at issue in the Order onto and into the environment constitute ultra hazardous activity.

122.   The DEFENDANTS recognized or should have recognized that Tesoro's Site and nearby residences were likely to be harmed by the Environmentally Substandard Conditions.  This activity caused Tesoro to suffer injury, damage, loss or harm.

123.   The Environmentally Substandard Conditions stem from OOI Site operations that were not of a common nature and involved a high degree of risk in a central urban residential setting.

124.   As a direct and proximate result of such discharge, depositing, storage or disposal, Tesoro has suffered damages as set forth above, including other consequential, incidental and general damages to be proven at trial, for which DEFENDANTS are strictly liable.

123.   DEFENDANTSand each of them, are responsible for performing any order that this Court may issue, and/or for taking all other action that may be necessary, to investigate, abate, and/or remediate the actual and/or potential endangerment related to the OOI Site.

126.    Tesoro is also entitled to monetary damages for the amounts that it has expended or will expend to investigate, abate and/or remediate the pollution from the OOI Site in an amount to be determined by proof.

**WHEREFORE,** Tesoro hereby demands trial by jury and prays for judgment as follows:

1.   For damages incurred to remediate the cleanup of the affected areas;

2.   For damages to Tesoro's enjoyment to its interests in property, in an amount to be determined by proof;

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

3. For an order requiring DEFENDANTS to assume the cost of remediation of the land and to reimburse Tesoro for the amounts already expended;

4. For a permanent injunction against DEFENDANTS ordering them to halt their permanent and continuing nuisance and trespass;

5. Punitive damages against DEFENDANTS for their willful and malicious actions;

6. Attorneys' fees through law, contract or statute;

7. Costs of suit;

8. Prejudgment interest;

9. All other relief that the Court may deem just and proper.

DATED: February 8, 2016                    TROPIO & MORLAN


BY:_ /s/ DANIEL S. HURWITZ_____
SCOTT T. TROPIO
DANIEL S. HURWITZ
Attorneys for Plaintiffs,
TESORO REFINING &
MARKETING COMPANY LLC and
TESORO SOCAL PIPELINE
COMPANY LLC

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 8, 2016, I caused the foregoing **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

DATED:  February 8, 2016                                  TROPIO & MORLAN


                                                BY:   /s/ DANIEL S. HURWITZ
                                                      Scott T. Tropio
                                                      Daniel S. Hurwitz
                                                      TROPIO & MORLAN
                                                      21700 Oxnard Street, Suite 1700
                                                      Woodland Hills, CA 91367
                                                      Telephone: (818) 883-4000
                                                      Facsimile: (818) 883-4242
                                                      Email:  stropio@tropiolaw.com
                                                      Email:  dhurwitz@tropiolaw.com
                                                      Attorneys for Plaintiffs,
                                                      TESORO REFINING &
                                                      MARKETING COMPANY LLC and
                                                      TESORO SOCAL PIPELINE
                                                      COMPANY LLC

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**